UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

DANNY RAY FOX and JOAN FOX          Case No. 05-17303

Debtors.

**ORDER SUSTAINING IN PART AND DENYING IN PART DEBTORS' OBJECTIONS TO CLAIMS OF AMERIQUEST MORTGAGE COMPANY**

Terrie S. Owens, attorney for debtors, Mobile, Alabama
Steven J. Shaw, attorney for Ameriquest Mortgage Company, Hunstville, Alabama

This matter came before the court on the debtors' objections to the claim and amended claim of Ameriquest Mortgage Company. The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and by the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the court has the authority to enter a final order. For the reasons indicated below, the court is sustaining in part and denying in part the debtors' objections.

FACTS

On March 27, 2000, the debtors, Danny and Joan Fox, entered into a mortgage agreement with Ameriquest Mortgage Company. On December 10, 2001, debtor Joan Fox filed a complaint in the Circuit Court of Mobile County, Alabama, against Ameriquest alleging fraud and conspiracy to defraud relating to Ms. Fox's payment of an annual insurance premium on the home at the mortgage closing and a subsequent policy cancellation resulting in force placed insurance on the property. Ms. Fox later amended her complaint, dropping the alleged conspiracy claim and adding claims for breach of contract, wantonness, and oppression. The

-1-

Foxes were not in default on their mortgage at the time of these state court proceedings and Ameriquest did not file any counterclaims against Fox. The Circuit Court granted summary judgment in favor of Ameriquest on all counts and ordered each side to bear their own costs. Fox appealed and the Alabama Supreme Court affirmed, without a written opinion.

On October 15, 2005, Mr. and Mrs. Fox filed for Chapter 13 bankruptcy relief. Ameriquest filed a claim in the Fox's bankruptcy case asserting that it was owed more than $70,000.00 under the mortgage contract. That claim was later amended by Ameriquest to assert a total claim of $71,136.06, of which Ameriquest claims it is entitled to $19,179.92 for "Legal Fees/Costs" incurred in defending against Fox's prepetition state court action. Ameriquest asserts that it is entitled to the legal fees and costs of defending against Fox's state court suit under the language of the mortgage agreement. The debtors argue that Ameriquest is not entitled to the attorney's fees and costs because (1) the Circuit Court ruled both parties were to pay their own costs and (2) the mortgage agreement language does not allow Ameriquest to recover attorney's fees and costs because Fox's claims were based on fraud. Ameriquest argues that it was defending against the state court suit to protect its rights in the property and that its property rights could have been significantly affected because the court could have declared the mortgage void.

LAW

In Alabama, it is well settled that attorney fees can be awarded only if authorized by statute, provided for in a contract, or by special equity. *Tomlinson v. G.E. Capital Dealer Distributor Finance, Inc.*, 646 So. 2d 139 (Ala. Civ. App. 1994) (citing *Lanier v. Moore-Handley, Inc.*, 575 So.2d 83 (Ala. 1991). In this case, Ameriquest argues Paragraph 7 of the

contract provides for the attorney's fees it seeks. Paragraph 7 of the mortgage agreement, entitled "Protection of Lender's Rights in the Property" states:

> If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may *significantly affect* Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.
>
> Any amounts disbursed by Lender under this Paragraph 7 shall become additional debts of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be Payable, with interest, upon notice from Lender to Borrower requesting payment. (Emphasis added).

Fox's amended complaint alleged fraud, wantonness, oppression, and breach of contract and sought monetary damages for these alleged offenses. The court must decide if Fox's suit might have "significantly affect[ed]" Ameriquest's rights in the property.

The Alabama Court of Civil Appeals has twice previously construed similar contractual provisions. In *Tomlinson v. G.E. Capital Dealer Distr. Fin., Inc.*, 646 So. 2d 139 (Ala. Civ. App. 1994), a lessor sought and obtained an attorney's fee award from the trial court after prevailing on claims brought by the lessee alleging, among other things, fraud and misrepresentation, and on its own counterclaims for breach of the parties' lease agreement. This attorney's fee award represented all of the lessor's fees, not just those fees incurred in connection with its breach of lease counterclaim. In the parties' lease agreement in *Tomlinson*, the lessee agreed to pay the lessor's attorney's fees that the lessor incurred "in enforcing any of the terms, conditions, or

provisions of this lease." The Court of Appeals reversed the trial court's award, reasoning as follows:

> "Fraud is a tort and thus, an action ex delicto. *Geohagan v. General Motors Corp.*, 291 Ala. 167, 279 So. 2d 436 (1973). 'Ex delicto' is defined in Black's Law Dictionary (6th ed. 1990) as follows:
>
> "From a delict, tort, fault, crime or malfeasance. In both the civil and the common law, obligations and causes of action are divided into classes – those arising ex contractu (out of contract), and those ex delicto. The latter are such as grow out of or are founded upon a wrong or tort.'
>
> "In light of the fact that the defense of a tort cannot be a part of the 'enforcement of any of the terms, conditions, or provisions of this lease,' the trial court erred when it awarded $48,113.97 in attorney fees and costs."

646 So. 2d at 141. The Alabama Court of Civil Appeals then reversed and remanded "for a determination of which attorney fees and costs relate to the counterclaim." *Id.*

In *Eubanks & Eubanks, Inc., v. Colonial Pacific Leasing*, 757 So. 2d 437 (Ala. Civ. App. 1999), the Alabama Court of Civil Appeals again addressed a similar contract provision. In that case, Colonial filed a petition in the trial court seeking an award of attorney's fees it claimed to have incurred defending against the plaintiffs' fraud claims. The trial court did not award these fees indicated those fees were not provided for in the lease agreement.

Colonial appealed this determination and argued that the trial court did not properly interpret the fee provision in the parties' lease contract, which stated that "in the event of any legal action with respect to this lease, the prevailing party in any such action shall be entitled to reasonable attorney fees." *Eubanks & Eubanks, Inc.*, 757 So. 2d at 441-42. Colonial noted that the lease provision in its case was more encompassing than the contract provision in *Tomlinson*. However, like in *Tomilinson*, the Court of Civil Appeals found that the lease contract limited

Case 05-17303    Doc 40    Filed 05/17/06    Entered 05/17/06 11:11:19    Desc Main
          Document      Page 4 of 6

recovery of attorney fees to those incurred in litigation "with respect to the lease." The court in *Eubanks*, relying on *Tomlinson*, noted that fraud actions "sound in tort and not in contract." *Id.* at 442. The appellate court found that the fraud claims were not based upon any language of the contract, but were based upon allegedly wrongful conduct. Therefore, the *Eubanks* court concluded that Colonial's defense of the fraud claims was not litigation "with respect to" the parties' contract, and that the trial court correctly limited Colonial's attorney's fee award to its fees respecting its successful prosecution of its claims alleging breach of the lease contract. *Id.*

Although the contracts in *Tomlinson* and *Eubanks & Eubanks* were lease contracts and not mortgages, the reasoning and law are equally applicable in this case. The claims Fox asserted and Ameriquest defended against were for fraud, wantonness, oppression, and breach of contract. Of these, fraud, wantonness and oppression are torts and thus actions ex delicto. *Tomlinson*, 646 So. 2d at 141. As these torts were not based on the contract but upon alleged wrongful conduct, the fraud, wantonness, and oppression claims could not have had a "significant affect" on Ameriquest's rights in the property. Therefore, the contract does not provide for Ameriquest to be awarded attorney's fees for defending against these claims and the court will not award them.

The remaining claim asserted by Fox was for breach of contract. As that claim is based upon the contract, it could have "significantly affect[ed]" Ameriquest's rights in the property. Therefore, the parties' contract provided for Ameriquest to be reimbursed reasonable fees and costs from Fox for defending against that claim. As the attorney's fees and costs have not been itemized by claim, a hearing will be set on June 6, 2006, to determine the reasonable attorney's fees and costs Ameriquest is entitled to for defending against Fox's breach of contract claim.

THEREFORE, IT IS ORDERED:

1) The debtors' objections to the claim and amended claim of Ameriquest Mortgage Company are SUSTAINED IN PART and OVERRULED IN PART;

2) The debtors' objections are SUSTAINED as to Ameriquest's claims for attorney's fees incurred in defending against the prepetition claims of fraud, wantonness, and oppression made by Joan Fox. Those claims are DISALLOWED;

3) The debtors' objections are DENIED as to Ameriquest's claims for attorney's fees incurred in defending against the prepetition claim of breach of contract made by Joan Fox. That claim is ALLOWED in an amount to be determined by the court;

4) The court will conduct a hearing on July 5, 2006 at 10:30 a.m. to determine the reasonable attorney's fees and costs incurred by Ameriquest in defending against the prepetition breach of contract claim of Joan Fox.

Dated: May 17, 2006

                                           */s/ Margaret A. Mahoney*
                                           MARGARET A. MAHONEY
                                           U.S. BANKRUPTCY JUDGE

-6-

Case 05-17303   Doc 40   Filed 05/17/06   Entered 05/17/06 11:11:19   Desc Main
                        Document      Page 6 of 6